**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIN HUGHES, an individual, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> FIRST NATIONAL INSURANCE COMPANY OF AMERICA, <br><br>         Defendant-Appellee. | No.    23-55338 <br><br> D.C. No. <br> 2:22-cv-01759-MWF-RAO <br><br><br> MEMORANDUM* |
| ERIN HUGHES, an individual, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> GENERAL INSURANCE COMPANY OF AMERICA, a New Hampshire Corporation, <br><br>         Defendant-Appellee. | No.    23-55342 <br><br> D.C. No. <br> 2:21-cv-09334-MWF-RAO <br><br><br> MEMORANDUM* |

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 8, 2024[**]
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Erin Hughes appeals the district court's grant of summary judgment for First National Insurance Company of America ("FNICA") and General Insurance Company of America ("GICA"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

FNICA and GICA required a property owner seeking insurance coverage to complete an insurance application. Both FNICA and GICA's insurance applications asked the applicant whether the property is used for business or commercial purposes, and whether the applicant had suffered a loss on the property in the last five years. If an applicant answered either question in the affirmative, the application was automatically denied.

In this case, Hughes completed FNICA and GICA's insurance applications and stated in each that her property is a "single-family dwelling," that it is not used for business, and that she has suffered no losses on the property in the last five years. Based on these responses, FNICA and GICA issued insurance policies to Hughes

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for the property. Thereafter, Hughes's property burned down, and she submitted coverage claims to FNICA and GICA. After learning that Hughes's property was used as a short-term rental and had suffered three prior losses in the last five years, FNICA and GICA denied Hughes's coverage claims and sought judicial recission of the policies based on material misrepresentations in Hughes's insurance applications.[1]

We review a district court's grant of summary judgment de novo. *Lowry v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc). Summary judgment is proper if, "taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact." *Id.*

1.      Hughes first argues that summary judgment for FNICA and GICA is improper because whether her property was used for commercial purposes is a disputed issue of fact. She claims that she used the property only as a single-family dwelling, and that, regardless, her policies permitted occasional rental use. But the policies do not authorize rental use, and the undisputed facts show that Hughes used

---

[1]      Hughes does not dispute the materiality of either representation. In any event, they are material because FNICA and GICA would have automatically rejected her applications had she disclosed that her property was used as a short-term rental or that she suffered prior losses. *See Mitchell v. United Nat'l Ins. Co.*, 25 Cal. Rptr. 3d 627, 640 (Ct. App. 2005) (reasoning information is material if it could affect the insurer's decision to provide insurance coverage, estimate the degree of risk, or fix the premium rate).

the property as a short-term rental. Hughes herself testified that she posted the property on booking.com, TripAdvisor, HomeAway, and VRBO, and that guests rented the property for events. Indeed, the property was rented to short-term guests at the time of the fire. Although Hughes stated in her declaration that she has never run a business at the property, a declaration contradicting her prior testimony cannot create an issue of fact. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." (quoting *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009))).

Hughes also claims she did not understand the applications because of a language barrier, and that the agents who finalized her insurance applications did not seek her approval before sending them to FNICA and GICA. Under California law, however, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy *ab initio*." *W. Coast Life Ins. Co. v. Ward*, 33 Cal. Rptr. 3d 319, 323 (Ct. App. 2005); Cal. Ins. Code § 331. Hughes's subjective understanding or intentions were thus immaterial to whether she misrepresented the use of her property. Even so, the evidence shows that Hughes understands, reads, and writes English, and that she received and signed the applications before they were sent to FNICA and GICA.

Hughes has thus failed to show a genuine issue of material fact as to the commercial use of the property.

2.      Hughes also argues that summary judgment was improper because there is a genuine issue of material fact regarding whether she misrepresented her prior loss history. She claims agents told her that she was not required to identify prior losses, and that she believed she was only being asked about prior losses with FNICA and GICA, not all other insurance companies. But the questions on the application about prior loss history are not qualified, and it is undisputed that Hughes has suffered losses in the last five years. Again, Hughes's own self-serving declaration and any alleged misunderstanding of the application cannot create a genuine issue of fact. *Yeager*, 693 F.3d at 1080; *W. Coast Life Ins. Co.*, 33 Cal. Rptr. 3d at 323. Hughes's claims thus fail.

**AFFIRMED.**